**Appeal Dismissed and Memorandum Opinion filed February 13, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00801-CR

---

### BENNY JAMES COLE, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 12th District Court
### Walker County, Texas
### Trial Court Cause No. 30252

---

### MEMORANDUM OPINION

As part of a plea bargain that included a waiver of the right to appeal, appellant Benny James Cole, Jr. pleaded guilty to evading arrest and true to two previous convictions.[1] The trial court found appellant guilty and the previous convictions true and assessed punishment in accordance with the terms of the plea

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Tenth District of Texas to transfer this appeal (No. 10-23-00321-CR) to this court. Misc. Docket No. 23-9079 (Tex. Sept. 26, 2023); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

bargain, 12 years confinement. Sentence was imposed on May 13, 2022, and the trial court's certification of defendant's right to appeal reflects this "is a plea-bargain case and the defendant as NO right of appeal." See Tex. R. App. P. 25.2(a)(2).

No timely motion for new trial was filed. Therefore, appellant's notice of appeal was due by June 13, 2022. *See* Tex. R. App. P. 26.2(a)(1). A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court and (b) a motion to extend time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion to extend time to file notice of appeal). The fifteenth day after June 13, 2022, was June 28, 2022.

Appellant filed his pro se notice of appeal on October 18, 2022, a date that is not within 15 days of the due date. A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

On November 7, 2023, the parties were notified that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction. Appellant's response does not demonstrate this court's subject-matter jurisdiction.

Accordingly, the appeal is dismissed for lack of subject-matter jurisdiction.

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).